UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

METROPOLITAN LIFE
INSURANCE COMPANY,

        Plaintiff,

v.

ROBERT COTTON,
WILLIAM COTTON,
NANNIE CRADDOCK,
PATRICIA LOSIE,
DAVID COTTON, LONNIE
COTTON and KERNAN
FUNERAL SERVICE,

        Defendants.
_____/

Case No. 4:16-cv-13471
Judge George Caram Steeh
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION REGARDING DISTRIBUTION OF FUNDS AND DISMISSAL OF ACTION

**I.　RECOMMENDATION**: The Court should enter an order directing the Clerk of the Court to distribute the remaining balance in the Registry of the Court equally between the remaining 6 defendants (Robert Cotton, William Cotton, Nannie Craddock, Patricia Losie, David Cotton and Lonnie Cotton). Thereafter, the Court should enter an order dismissing this case with prejudice.

**II.　REPORT:**

    **A.　Background**

Plaintiff Metropolitan Life Insurance Company filed this lawsuit on September 26, 2016 to seek the Court's assistance in distributing $5,000.00 in life insurance benefits. Six of the defendants are individuals, each of whom is identified as a son or daughter of decedent Delores T. Truesdell, and the remaining defendant is Kernan Funeral Service, which is identified as holding an assignment for decedent's funeral expenses. (DE 1.)

On October 24, 2016, the Court entered an order allowing the distribution of life insurance benefits to pay funeral expenses ($1,195.00) and the deposit of the remaining life insurance benefits ($3,805.00) into the Court, and dismissing MetLife and Kernan Funeral Service only. (DE 13.)

On November 15, 2016, the Clerk of the Court received $4,227.88 - which this report assumes is the result of the $5,000 life insurance policy plus $422.88 interest accrued by Plaintiff less the $1,195 paid to Defendant Kernan Funeral Service. In other words, the issue before this Court is the proper distribution of $4,227.88, plus any interest accrued here, among the six defendants who remain in this lawsuit.

**B.    The Court's Order to Show Cause**

Judge Steeh has referred this case to me to conduct all pretrial proceedings. (DE 14.) On December 9, 2016, recognizing that the only remaining parties were

2

six defendants (only one of whom had appeared),[1] I entered an order requiring the other five defendants (Robert Cotton, William Cotton, Nannie Craddock, David Cotton and Lonnie Cotton) to show cause in writing as to why he or she had not filed some type of a response to Plaintiff's complaint *and* why default or default judgment should not enter against them. (DE 15.)

On February 7, 2017, Robert Cotton filed a blank form response. (DE 16 at 1-2.) Attached to the response is an April 4, 2016 letter seemingly signed by five of the six remaining defendants (David Cotton, William Cotton, Robert Cotton, Ann Craddock and Lonnie Cotton). This letter purports to be a stipulation to distribute the remaining funds on deposit to all six of Decedent's living children in equal shares; however, there is no signature for Patricia Losie. (DE 16 at 3.)[2] Also attached to the response are pages which appear to be re-signed duplicates of those submitted to the Court with the October 2016 stipulation; notably, these apparently re-signed and duplicate pages presented to the Court on February 7, 2017 do not contain signatures for either Patricia Losie or Nannie Craddock. (*Compare* DE 16 at 4-7, DE 11 at 6-11.)

---

[1] Only Defendant Patricia Losie has filed an answer to the complaint. (DE 12.)

[2] The Court suspects this is the missing signature to which MetLife referred in its July 28, 2016 letter (DE 16 at 8-9), the absence of which may have resulted in the September 26, 2016 filing of this lawsuit.

Thereafter, I entered an order discharging the show cause requirement and requiring all six (6) defendants to appear before the Court. (DE 17; *see also* DE 18.)

**C. Discussion**

On May 3, 2017, the six defendants appeared in my courtroom. After much discussion, the Court turned its attention to the April 4, 2016 letter signed by five of the remaining defendants wherein they agree to distribute the remaining life insurance proceeds. (DE 16 at 3.) Although Defendant Patricia Losie had originally objected to this document, during the course of the hearing she eventually agreed to sign it.

Accordingly, the Court individually put Defendants David A. Cotton, William Ambrose Cotton, Robert Cotton, Nannie Craddock, and Lonnie B. Cotton under oath, confirmed their respective signatures on the April 4, 2016 letter, confirmed their agreement to distribute the remaining funds in equal shares with their five other siblings and confirmed their addresses and phone numbers. Then, the Court put Defendant Patricia A. Losie under oath, confirmed her agreement to distribute the remaining funds in equal shares with her five other siblings,

confirmed her addresses and phone number, and confirmed her May 3, 2017 signature on the same letter.[3]

A copy of this agreement is attached as an addendum to this report and recommendation. The six remaining defendants having agreed to distribute the remaining funds equally, the case may now be dismissed with prejudice, there being no further issues to litigate.

### D. Conclusion

In light of the foregoing, the Court should enter an order directing the Clerk of the Court to distribute the remaining balance in the Registry of the Court equally between the remaining 6 defendants (Robert Cotton, William Cotton, Nannie Craddock, Patricia Losie, David Cotton and Lonnie Cotton). Thereafter, the Court should enter an order dismissing this case with prejudice.

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d). Failure to

---

[3] The contact information confirmed on this date is as follows: (1) **David A. Cotton** (15234 Beech Daly, Taylor, MI 48180, 313-570-9492); (2) **William Ambrose Cotton** (11519 William, Taylor, MI 48180, 313-318-1492); (3) **Robert Cotton** (566 Pagel, Lincoln Park, MI 48146, 313-409-2340); (4) **Patricia A. Losie** (9351 Lawrence, Allen Park, MI, 48101, 313-715-0125); (5) **Nannie Craddock** (13641 Birrell, Southgate, MI 48195, 313-919-2608); and (6) **Lonnie B. Cotton** (804 Ingot St., Apt. 1, Hancock, MI 49930, 606-515-1449).

file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: May 5, 2017                s/Anthony P. Patti
                                  Anthony P. Patti
                                  UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document sent to parties of record on May 5, 2017, electronically and/or by U.S. Mail.

                                        s/Michael Williams
                                        Case Manager for the
                                        Honorable Anthony P. Patti